WIGGINTON, Judge.
This cause is before us on appeal from the order of the deputy commissioner awarding claimant permanent total disability benefits, remedial treatment and attendance under the care of Dr. Andrew C. Bass, reimbursement for medical travel, costs and a reasonable attorney’s fee. The employer/carrier challenge the deputy’s finding of permanent total disability as a result of the accident, the authorization of Dr. Bass, and *1131 the granting to claimant of an alleged “hearing de novo.” Only the first two awards merit discussion.
We reverse the order of the deputy finding claimant permanently and totally disabled as a result of the accident. On the contrary, the medical evidence unequivocally established that claimant was totally disabled before the accident and wholly incapable of any but the most sheltered employment. The accident, in regard to either condition, was wholly irrelevant.
As to the deputy’s authorization of Dr. Bass, we amend the order to read Dr. Irvin C. Bembry instead. Shortly before the hearing, claimant moved for change of physicians to Dr. Bembry. The pretrial stipulation noted that one of the issues was change of physicians. At the hearing, the parties stipulated to Dr. Bembry as thereafter being claimant’s treating physician. Yet, the deputy, with no explanation, appointed Dr. Bass.
This is not a case in which the facts are at variance with, and show good cause for, modification of the stipulation. Cf. Wright v. Golf Drive Residence, Inc., 412 So.2d 884, 887 (Fla. 1st DCA 1982). Although this problem could have been eliminated by prompt application to the deputy, we take this opportunity to amend the order to reflect the physician contemplated by the parties. Genuine Parts Company v. Morris, 409 So.2d 156 (Fla. 1st DCA 1982).
SHIVERS and SHAW, JJ., concur.